## Charles J. Hodalski, Appellant, v. Ralph A. Hodalski, et al., Appellees.

1. FRATERNAL BENEFIT SOCIETIES—*rights of beneficiary.* While a beneficiary named in an insurance policy issued by a fraternal society has no vested interest prior to the death of the insured, his rights attach immediately upon the death of the insured.

2. FRATERNAL BENEFIT SOCIETIES—*where policy provides beneficiary may be changed.* Where an insurance contract provides for the time and method in which a beneficiary may be changed, this becomes part of the contract, and unless in accordance with the terms of the contract the attempted change will not become effective.

3. FRATERNAL BENEFIT SOCIETIES—*where interpleader is filed to determine who are beneficiaries.* Where a certificate of insurance in a fraternal society is sent in by the insured to have a change made in the beneficiaries and the change is not made before the death of insured, the society having filed a bill of interpleader requiring the claimants to assert their rights to the fund, it is *held* that the rules and by-laws incorporated in the certificate control and the beneficiaries under the old certificate are entitled to the fund.

4. EQUITY—*when equity will enforce a contract.* Equity may enforce a contract or agreement where nothing remains to be done but carrying into effect an agreement already made and executed, and decree that to be done which ought to have been done.

5. EQUITY—*when equity does not enforce a contract.* It is not the province of a court of equity to decree that to be done which ought to have been done where the claim to a right to have it done is by contract and where in order to complete the contract certain conditions must be complied with before the contract can be executed.

Appeal from the Circuit Court of Sangamon county; the HON. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed April 18, 1913.

ANDRUS & TRUTTER, for appellant.

SMITH & FRIEDMEYER, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

On the second day of July, 1910, the Modern Wood-

men, a fraternal insurance society, issued a benefit certificate to Herman S. Hodalski in the sum of $3,000. This certificate named Joseph H., Charlotte D. and Ralph A. Hodalski, the minor children of the insured, as beneficiaries in the sum of $1,000 each. In the early part of 1911, the insured was in failing health, and he became indebted to various parties. Charles J. Hodalski, a brother of the insured, agreed with the insured in his lifetime to pay certain obligations of the insured, and the insured agreed and promised to reimburse him for these payments by changing the beneficiaries in this insurance certificate and making the brother, Charles J. Hodalski, appellant herein, a beneficiary to the amount of $900.

In accordance with this arrangement, the insured in his lifetime, on a form prescribed by the by-laws of the Modern Woodmen, executed a request to that order, directing it to change the beneficiaries in said certificate, and issue a new certificate wherein appellant should be a beneficiary to the amount of $900, and each of the minor children aforesaid beneficiary to the amount of $700. This request was delivered to the clerk of the local Camp of the Modern Woodmen at Caney, Kansas, and forwarded by him, together with the old certificate, to the head clerk for the issuance of a new certificate in accordance with that request under the rules of the society. The certificate was received by the head clerk on April 17, 1911, after the death of Herman S. Hodalski and could not be acted upon by the society during his lifetime.

No new certificate was ever issued on this request, proofs of loss were made under the old certificate. Appellant contends he is entitled to receive from the Modern Woodmen society $900; appellees, being the three minor children named in the benefit certificate are claiming the entire amount of the insurance. The Modern Woodmen filed a bill of interpleader requiring the claimants to assert their rights to the fund.

The court below entered a decree finding that appellees were entitled to the total amount of the insurance, that appellant had no interest therein. From this decree appellant prosecutes his appeal. The cause was submitted to the court below upon an agreed stipulation of facts.

It is conceded that the policy was issued and was subject to all rules, regulations and by-laws of the insurance order.

Appellant contends that the court erred in entering this decree and insists that appellees did not acquire, by reason of being named as beneficiaries in this certificate, any vested interest therein during the lifetime of the insured and that the insured had the right at any time during his lifetime to change the beneficiaries, and that exercising this right he executed the order and direction to the head clerk of the Modern Woodmen to change the beneficiaries and issue a new policy in accordance with his request and mailed the request, together with the old certificate, to the proper officers, and that everything that he could possibly have done for the purpose of affecting a change in the beneficiaries was done by him in his lifetime, and that the court should have decreed that, having done these things, and that the sole power of mere issuing the certificates being vested in the society, the court should have held that it was the duty of the society to have issued this certificate and have held that in equity the change of beneficiaries had been accomplished and that appellant was entitled to the benefit thereof, the same as though a new certificate had been actually issued during the lifetime of the insured, naming appellant as a beneficiary in the amount of $900.

Appellees insist that section 47 of the by-laws of the insurance order provided what is necessary to be done, and the time and manner of doing it, in order to effect a change in the beneficiary under this certificate. Section 47 is as follows: ''Change of Beneficiaries—

If a member in good standing at any time desires a change in his beneficiary or beneficiaries and to obtain a new certificate, he shall pay to the Camp Clerk a fee of fifty cents and deliver to him his benefit certificate, with the surrender clause on the back thereof duly filled out and executed by him, designating therein the change desired in the beneficiary or beneficiaries. The execution of such surrender clause by the Neighbor shall be in the presence of, and attested by, his Camp Clerk. If, however, the member be so situated that he can not execute the surrender clause in the presence of the Clerk of his Camp, the signature of the member thereto may be attested by the jurat or acknowledgment of any person authorized by law to administer oaths and take acknowledgments, and the same shall be forwarded to the Clerk of his local Camp. The local Clerk shall deposit one-half of said fee of fifty cents in the general fund of the Camp, and forward said certificate, with said surrender clause indorsed thereon, and the remaining half of said fee to the Head Clerk, who shall thereupon issue a new benefit certificate payable to the beneficiary or beneficiaries named in said surrender clause, depositing the fee of twenty-five cents in the general fund of the society. No change in the designation of beneficiary or beneficiaries shall be effective until the old certificate shall have been delivered to the Head Clerk and a new certificate issued during the lifetime of the member, and until such time the old certificate shall remain in force. The new beneficiary or beneficiaries so named shall be within the description of beneficiaries contained in Section 45 hereof. No change in the designation of the beneficiaries shall be of binding force unless made in compliance with this section.''

While it is true that the beneficiary named in an insurance policy of this character has no vested interest therein prior to the death of the insured, it is also true that the rights of the beneficiaries attach

immediately upon the death of the insured. *Benton v. Brotherhood of Railroad Brakemen,* 146 Ill. 570.

We are of the opinion that where the contract provides for the time and method in which a beneficiary may be changed, this becomes part of the contract, and unless complied with in accordance with the terms of the contract, the attempted change will not become effective. *Freund v. Freund,* 218 Ill. 189; *Modern Woodmen of America v. Little,* 114 Iowa 109; *Thomas v. Thomas,* 131 N. Y. 205.

By the terms of the benefit certificate all of the rules and by-laws became part thereof and were incorporated therein as a part of the contract, and section 47, *supra,* must be held to control in this matter, and this section provides that no change in the designation of the beneficiary or beneficiaries shall be *effective* until the old certificate shall have been delivered to the head clerk *and a new certificate issued during the lifetime of the member,* and until that time the old certificate shall remain in force. It being admitted that the old certificate and request for a change of beneficiaries was not received until after the death of the insured, the rights of the beneficiaries in the old certificate immediately became vested on the death of the insured. The contract of insurance regarding the change of beneficiaries was not complied with in the lifetime of the insured, and the court below was right in decreeing that appellees were entitled to this fund under the old certificate.

While it is true that the contention of appellant that equity may enforce a contract or agreement where nothing remains to be done but the carrying into effect of the agreement already made and executed and decree that to be done which ought to have been done, in our opinion it is not the province of a court of equity to decree that to be done which ought to have been done where the claim to a right to have it done is by contract and where in order to complete the contract

certain conditions must be complied with before the agreement and contract can be executed when the required conditions have been complied with; equity cannot make a new contract for the parties.

There being no error in the decree of the court, its decree will be affirmed.

*Affirmed.*