Jones, J.
It is the insistence of the defendant in error that under the facts developed by the pleadings and conceded by the demurrer the judgments of the lower courts should be affirmed, since the pleadings, including the fourth affirmative defense, disclose that the insured, before his death, had done all in his power to change the beneficiaries in the manner pointed out by the by-laws of the association, and, furthermore, for the reason that his application for the substitute certificate had been addressed to the clerk of the camp at Decatur, Illinois, and received by him two days before the death of *92 the insured. In support of that insistence, counsel for defendant in error have cited a number of authorities to the effect that when the insured has done all that he was required to do by the by-laws of the society, the court, upon principles of equity, will regard the change of beneficiaries to have been validly effected according to the manifest purpose of the insured. In the list of authorities cited, however, it does not appear that in any of them the fraternal association made the special defense pleaded in this case, viz., that the contract of insurance composed of the application, benefit certificate and by-laws of the defendant, was entered into by the insured, a resident of a foreign state, with a society organized under the laws of that state, and that according to the law of such state, under which the by-laws of the society were construed, the change in the original certificate was not consummated.
In support of its defense the defendant society relied upon the case of Hodalski v. Hodalski et al., 181 Ill. App., 158, wherein it was claimed that the courts of the state of Illinois, upon substantially the same facts disclosed in this record, and in construing the by-laws in question, decided that the acts of the insured were insufficient to consummate a change of beneficiaries.
In the case of Supreme Council of the Royal Arcanum v. Green, 237 U. S., 531, it is held: “The rights of members of a corporation of a fraternal and beneficiary character have their source in the constitution and by-laws of the corporation, and can only be determined by resort thereto, and such *93 constitution and by-laws must necessarily be construed by the law of the State of its incorporation.”
In the case of Heaton v. Eldridge & Higgins, 56 Ohio St., 87, it is held: “Contracts receive their sanction from the law of the place where they are executed and to be performed, and their interpretation is controlled by that law.”
The reason for this principle is at once apparent. It permits a single and unified obligation due from such association to its various members, ascertainable according to the law of the state where the contract is made and is to be consummated, and where the corporation is organized and the contracting parties reside, so that there may be a unified liability only and not diverse liabilities arising from divergent construction of contracts by courts of different jurisdictions. The possibility arising from the fact that courts of various states may have divergent rules for the distribution of funds of this character has led the courts of last resort, as. stated by Chief Justice White in Royal Arcanum v. Green, supra, “to recognize the charter of the corporation and the laws of the State under which it was granted as the test and measure to be applied.”
The question therefore remains whether under the facts conceded by the demurrer the laws of the state of Illinois touching the by-laws of this society relating to the substitution precluded the defendant in error from recovering on the attempted change of certificate. The by-laws of the society, which became part of the insurance contract, provided that there should be no change in the designa *94 tion of the beneficiary until the old certificate should have been delivered to the head clerk and a new certificate issued during the lifetime of the member, and that any attempt by a member to change his beneficiary otherwise than by a strict compliance with the provisions of that by-law should be absolutely null and void. The by-law having stipulated that the change should not take effect until the new certificate was issued, what is the law of the state of Illinois as declared by the courts of that state in the construction of the by-law involved?
The case of Hodalski v. Hodalski et al., supra, related to a benefit certificate of insurance issued by the Modern Woodmen, and involved the construction of the same by-law, of the same society, pleaded in the fourth affirmative defense in this case. The only dissimilarity of fact between that case and this is that the certificate in the Hodalski case was received by the head clerk after the death of the insured. Counsel for the defendant in error insist that that was the controlling feature that led the Illinois court to uphold the validity of the original certificate. We do not concur in that view, since it is evident that the Illinois court there decided that under the by-law in question no change in the designation of beneficiaries should be effective until the old certificate had been delivered and “a new certificate issued during the lifetime of the memberThe quoted clause was italicized by the Illinois court, and in the opinion, immediately following that clause, the court used the following language: “The contract of insurance regarding the change of beneficiaries was not complied with *95 in the lifetime of the insured, and the court below was right in decreeing that appellees were entitled to this fund under the old certificate.”
It also appears in the fourth affirmative defense that the waiver received from Henry Myers about February 26, 1915, contained a stipulation that the insured agreed that the original certificate should “become and be null and void from the date of the new certificate hereby applied for * * * if such neiv certificate shall be so issued during my lifetime." This clause having been incorporated in the usual forms issued by the society, was no doubt contained in the form used in the Hodalski case and probably influenced that court in its decision.
One of the defenses in this action alleged that John R. Myers, a resident of Illinois, brought an action on the original certificate issued in this case, claiming to be the sole beneficiary thereunder as an heir. That case was appealed from the circuit court of Macon county, Illinois, to the appellate court of the third district of that state, and an opinion was filed by the latter court on April 16, 1917. Although that case was decided after the trial of the Ohio case in the court of common pleas, and was not therefore proffered as the substantive law of Illinois, we have the right to examine this case, since it involves exactly the same facts, for the purpose of elucidation of the Hodalski decision.
The case of John R. Myers v. Modern Woodmen of America, 205 Ill. App., 45, discloses that the plaintiff recovered judgment for the full amount claimed, and from the opinion of Mr. Justice Graves it unqualifiedly appears that, under the by-laws re *96 ferred to, no attempted change of beneficiary could be effective until a new certificate had been issued, during the lifetime of the member, in which a new beneficiary was named, and that the decision in the case of Hodalski v. Hodalski, supra, was to the same effect.
The judgments of the court of common pleas and the court of appeals are reversed, and the case remanded to the former with instructions to overrule the demurrer to the fourth affirmative defense.

Judgments reversed.

Nichols, C. J., Wanamaker, Matthias, Johnson and Donahue, JJ., concur.