Hough, J.
The question for determination is whether it was reversible error for the nisi prim *582 court to sustain the motion for judgment on the pleadings.
In the consideration of this question, and as a basis thereto, we will be dealing with some firmly established general principles. The relationship cf the insured and insurer is founded on contract, and the respective rights of the parties thereto are confined and limited to the valid terms of the contract.
As a part of the contract, consideration must be given to the valid rules and by-laws of the fraternal association, as well as the statutes which are applicable thereto. It has been repeatedly held that both the statutes and the rules and by-laws become a part of the contract, and it is just as well settled that in changing the beneficiary to an insurance contract the rules and by-laws, as well as the pertinent provisions of the law, must be substantially complied with, in order to give effect to the change.
The statutes bearing upon this subject are Sections 9467 and 9469, General Code, the former providing in part as follows:
“Within the above restrictions [the classes permitted as beneficiaries] each member shall have the right to designate his beneficiary, and, from time to time, have the same changed in accordance with the laws, rules or regulations of the society, and no beneficiary shall have or obtain any vested interest in such benefit until the same has become due and payable upon the death of such member * * *."
Section 9469 provides that the certificate shall specify the amount of benefit and shall provide that the articles of association, constitution and laws of the society shall constitute the agreement between the society and the member.
*583 The answer of the brotherhood to interrogatories contained in the answer and cross-petition of the defendants sets out the rules and by-laws applicable to the question before us, and the pertinent' parts thereof read as follows:
‘ ‘ Sec. 8(a). A member desiring to change his beneficiary shall make such change in writing on the form printed on the back of the beneficiary certificate, and such change can be made without the consent of the beneficiary. Said certificate must be forwarded to the general secretary and treasurer.
“(b) A beneficiary shall not have, nor shall he acquire a legal, equitable or vested interest in, or to said certificate, or the proceeds thereof, so as to prevent any member from changing his beneficiary.
“(c) The member’s signature thereto shall be acknowledged before a notary public, or other officer authorized by law to take acknowledgments, and such officer shall attach his official seal thereto, or having no official seal, a certificate issued by a court of record shall be attached, certifying that the officer administering the oath was duly qualified.
“(d) A change or transfer of beneficiary shall not be valid or have any binding effect until said certificate has been received by the general secretary and treasurer and by him cancelled, and a new certificate issued wherein the new designation of beneficiary shall appear * *
Then follows a provision for the change of beneficiary when the certificate has been lost or destroyed, or possession of same denied or refused to the member.
Authorities on the interpretation of beneficial insurance contracts and the interpretation and con *584 struction of statutes in reference thereto are very numerous throughout many of the states of the United States, and those authorities are very nearly unanimous upon the proposition that the rules and by-laws of the association become a part of the contract and that substantial compliance therewith must be had in order to effect a legal change of beneficiary. Several of the decisions of this court deal with these questions, and are relied upon by counsel in this case.
Counsel for plaintiff in error rely upon the case of Lentz, Exr., v. Fritter, 92 Ohio St., 186, and quote from the opinion of Judge Matthias in that case. The case holds that the terms of an insurance contract, made under the laws of the state, are not affected by a subsequent change of the laws; that is to say, that amended law has no retroactive effect. But where the parties to the contract, the association and the insured, both treat the contract as continuing under the amended law, in respect to the change of beneficiary, then, in that event, the contract will be interpreted by the courts as the parties interpreted it. The questions decided in that case have nothing, or, at least, little, in common with the question before us in this case.
The case of Modern Woodmen of America v. Myers, 99 Ohio St., 87, deals with the interpretation of an insurance contract made under the laws of a foreign state, and holds that the interpretation put upon the contract by the courts of that state should be followed by the courts of this state in the determination of the question. The decision of the foreign state, Illinois, which was followed by Judge Jones in the Myers ease, was based upon the interpretation of a by-law *585 of the society, which provided: “No change in the designation of beneficiary or beneficiaries shall be effective until the old certificate shall have been delivered to the head clerk and a new certificate issued during the lifetime of the member.”
That provision of the by-law differs from the one under consideration in this case in that time was made an element of the change, and the Illinois court held in the syllabus, it being the case of Hodalski v. Hodalski, 181 Ill. App., 158, that “Where ah insurance contract provides for the time and method in which a beneficiary may be changed, this becomes a part of the contract, and unless in accordance with the terms of the contract, the attempted change will not become effective.”
The defendants in error rely upon the case of Arthur v. Odd Fellows' Beneficial Association, of Columbus, 29 Ohio St., 557. The regulations of the association in that case provided that the fund should be paid to the family or heirs of the deceased member in'the manner therein specified, unless otherwise directed by such member in his lifetime, and the court held that a failure of the member to give such direction in that manner would not be effective and that the fund would go to the family in the order named in the regulations of the association, and that a provision in the member’s will alienating the order of disposition would not operate to alter the terms of the contract.
Counsel for the defendants in error also urge the ease of Charch v. Charch, Exr., 57 Ohio St., 561, and contend that that ease is decisive of the questions before us in this case, and assert that the holding in that case was followed by the court of appeals, and *586 that its decision is based thereon. The laws of the association in that case provided that the change of beneficiary could be made only by surrender, and the issue of a new certificate, and the insured attempted to change the beneficiary by the terms of his will and the court held that that could not be done. The questions there decided are dissimilar to the question that we have before us for solution.
Counsel for the defendants in error cite many cases of the courts of last resort of a number of states, notably California, "Washington, Kansas, Illinois, New Hampshire, Vermont, Massachusetts and New York, which hold that the interest of a beneficiary named in an insurance contract becomes a vested interest upon the death of the insured. This of course is true if the insured under his undoubted right to change his beneficiary has not effected a legal change during his lifetime, and this announcement is brought about in many of these cases, just as was done in the Illinois case, supra, by reason of the fact that the by-laws of the association provided that no change of beneficiary should be effective until the certificate was sent to the home office, canceled, and a new certificate issued, all during the lifetime of the insured. In the last analysis the solution of the question here must depend upon the application of these general rules of law to the provisions of the contract under consideration and a construction of the language used therein.
In the first place, it is important to notice that in the by-laws of this association, time, or the happening of the event of death, is not made an element. Referring to section 8 of the by-laws, paragraph (a) gives the right to the member of changing his bene *587 ficiary in writing on the printed form on the back of the certificate, without the consent of the original beneficiary, and further states that the certificate must be forwarded to the general secretary and treasurer. Nothing at all is mentioned about when either of these things may be done. It must be admitted that the change was made on the back of the certificate in manner and form as provided, and that the certificate was forwarded to the general secretary and treasurer.
■ Paragraph (b) provides that no beneficiary shall acquire any interest in or to the certificate or the proceeds thereof so as to prevent the member from changing his beneficiary.
Paragraph (e) prqvides the manner and form in which the beneficiary may be changed. And it must further be admitted that this was done.
Paragraph (d) provides: “A change or transfer of beneficiary shall not be valid or have any binding effect until said certificate has been received by the general secretary and treasurer and by him cancelled, and a new certificate issued wherein the new designation of beneficiary shall appear. ’ ’
The element of time, or the happening of the event of death, is still not made an element of the contract. The record is clear that the certificate containing the change of beneficiary was received by the general secretary and treasurer, and by him canceled, although no new certificate was issued wherein the new designation of beneficiary appeared.
The reason for the cancellation of the old certificate and the failure to issue the new certificate, as appears from the answer to the interrogatory of the association, was because of the fact that the insured *588 had died. The association acknowledged liability under the contract, but declined to assume responsibility of deciding to whom it should be paid. Paragraph (d) is a necessary provision for the protection of the association in order to limit it to a single liability upon its policy, and if that paragraph had provided that a change or transfer of beneficiary should not be valid or have any binding effect until such certificate had been received by the general secretary and treasurer, and by him canceled, and a new certificate issued wherein the new designation of beneficiary appeared, all “during the lifetime” of the insured, then there would be no hesitancy on the part of this court in arriving at the conclusion that the insured had failed to substantially comply with the terms of the contract in respect to the change of beneficiary.
The insured did everything he could do in accordance with the terms of the contract to effect a change of beneficiary while he had the possession of the policy, and after he surrendered possession he took no steps to again change the beneficiary, and in a sense ratified the change already made by continuing to pay dues thereon until his death. No intimation of fraud in any way surrounds the transaction. After his death the wife forwarded the certificate to the home office, and the home office received the certificate and canceled it, and this action was in strict accordance with the terms of the contract, and in no wise contrary to its terms. The association instead of taking further action declined so to do, acknowledged liability, and awaited the decision of a court of competent jurisdiction.
We therefore find that the provisions of the contract were substantially complied with; that no stal - *589 utes bearing upon the subject were violated; and, no judicial decision binding upon us to the contrary, we find that the court of appeals erred in affirming the judgment of the court of common pleas based upon its order in sustaining the motion for judgment on the pleadings.
The case is therefore reversed and remanded to the court of common pleas for further proceeding’s according to • law.

Judgment reversed.

Marshall, C. J., Johnson, Wanamaker and Roninson, JJ., concur.