Joseph Percival and Loretta Kneller, Appellants, v. William Schneider et al., Appellees.

Gen. No. 33,574.

Opinion filed January 6, 1930. Rehearing· denied and opinion slightly modified January 20, 1930.

FRANK EMERSON BRIGHTMAN, for appellants; EDWARD D. FEINBERG, of counsel.

JULIAN J. LUSTER, for appellees.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This appeal is brought to this court by the complainants, who complain of à decree which dismissed their bill for want of equity.

The bill alleges that complainants are the heirs at law of Margaret M. Schneider, who was seized in fee simple of certain premises described, having acquired title thereto by warranty deed on November 26, 1913, and who thereafter died intestate on October 2, 1927.

The bill further alleges that on November 30, 1918, there was recorded in the office of the recorder of deeds of Cook county a warranty deed from said Margaret Schneider and the defendant William Schneider, her husband, conveying said premises to the defendant Josephine O'Brien; that Margaret M. Schneider received no consideration for the conveyance but Josephine O'Brien took the real estate as trustee for Margaret M. Schneider and her heirs; that the equitable title in the property remained in Margaret M. Schneider up to the time of her death.

The bill further avers that Josephine O'Brien never went into possession of the premises, but that Margaret M. Schneider remained in control of the same until her death, collected the rents, made repairs, etc.; that William Schneider, her husband, had a mere dower interest in the property; that on November 22, 1927, after the death of Margaret M. Schneider, Josephine O'Brien conveyed the premises to William Schneider, the surviving husband; that there was no consideration for said conveyance, but that the conveyance was obtained through the misrepresentations of William Schneider, who desired to cut off the interests of complainants in the real estate of their mother.

The bill also avers that on April 23, 1928, William Schneider conveyed the property in question to his brother, Albert C. Schneider, and received therefor $24,000; that William Schneider refused to account for the money and notes received by him. Complainants therefore prayed that he might be required to make answer but not under oath; that he might be declared to hold the money, bills, notes, mortgages and other property which he received by reason of the sale of this real estate, in trust for complainants, and that he be required to account for all rents, profits, moneys, notes, mortgages and property which he received for said real estate; that he be enjoined from selling or disposing of the consideration received by him from the sale of the real estate, and for further relief.

Pending the suit and after his appearance therein, William Schneider died and the Noel State Bank was appointed executor of his estate and answered, admitting the transfer of the property by Margaret M. Schneider and William Schneider to Josephine O'Brien but denying that Josephine O'Brien took title to the same as trustee for Margaret M. Schneider and her heirs, and denying that the equitable title resided in Margaret M. Schneider.

The answer further averred that the purpose of the transfer to Josephine O'Brien was to have her reconvey to Margaret Schneider and William Schneider in joint tenancy; that at the same time that the deed was signed and delivered to Josephine O'Brien she executed and delivered a deed reconveying the property to Margaret Schneider and William Schneider in joint tenancy and not as tenants in common; that Margaret M. Schneider and William Schneider lived on said property after 1918 under the belief that they had the record title in joint tenancy; that they did not know nor did Josephine O'Brien know that the record title to the property was still in the name of Josephine O'Brien, and that the deed reconveying the property in joint tenancy had never been recorded; that Josephine O'Brien, upon being advised of the facts and of the death of Margaret M. Schneider, executed a deed to William Schneider conveying the property and carrying into effect the status of the property that would have prevailed under the provisions of the deed that she executed and delivered at the same time the deed was made transferring the property to Josephine O'Brien.

The answer denied that the purpose of the conveyance to Josephine O'Brien was to relieve the property from liens of judgments or decrees which might be recovered against Margaret M. Schneider; admitted that Josephine O'Brien was never in possession or control of the property; denied that Margaret M. Schneider was in possession and control, but stated the fact to be that Margaret M. Schneider jointly with her husband was in possession and control of the property and that they both managed it.

The answer also admitted that Josephine O'Brien reconveyed the property to William Schneider in November, 1927, but denied that this conveyance was made for the purpose of cutting off the interest of the heirs of Margaret M. Schneider or for the purpose of

defrauding; admitted that defendant conveyed the property to Albert C. Schneider on April 23, 1928; averred that complainants knew of such conveyance; demanded strict proof of the allegations that William Schneider received $24,000 in consideration of the conveyance or that there had been any request for defendants to account for the money.

The chancellor after hearing the evidence offered by the complainants entered a decree as already recited, which complainants seek by this appeal to reverse.

The evidence leaves practically no dispute as to the facts. Margaret M. Schneider was the owner of the premises, taking title thereto by warranty deed on November 26, 1913, and the evidence tends to show that the purchase was closed in the real estate office of a Mr. Schultz. The vendor received as a part of the purchase price of the property notes to secure a mortgage on the same. These notes were placed in the bank for collection and Schultz collected the money on the notes. The contract was signed by Mrs. Schneider and the evidence fails to disclose whether the money paid on the purchase price belonged to the husband or wife or to both of them. The evidence on that point was given by relatives of Mrs. Schneider and is quite conflicting.

On other issues there is practically no conflict disclosed by the evidence.

Josephine O'Brien, who was called as a witness by complainants, testified that she did not pay anything for the property conveyed in the deed to her and that she did not claim to have obtained any interest in the property by reason of that conveyance. She denied, however, that she took the property in order to hold it for Mrs. Schneider, and she acknowledged the execution of the conveyance by her to William Schneider on November 22, 1927. Her testimony in brief is to the effect that she was employed by a real estate man, Mr. Schultz, as his stenographer and secretary for

more than 20 years; that Mr. Schultz was also an attorney; that at any rate he did legal work and real estate law. She says that Mr. Schultz told her, "The Schneiders want to fix up their property; that is, to make a joint tenancy deed; they were to put the property in joint tenancy."

Thereupon the following took place in court:

"The Court: At the time of the conveyance to you, were you taking it with the understanding that you were getting any beneficial interest in the property?

The Witness: No. Mr. Schultz told me that it was just as we often did in the office, where people want to fix their property. I had no interest in it.

The Court: Just answer my question. You took it with the understanding that you were getting no beneficial interest in the property?

The Witness: No, I had no interest.

The Court: You were taking it really as a proceeding for the purpose of making a reconveyance?

The Witness: Yes.

The Court: What reconveyance were you told at the time was to be made of the property?

The Witness: They wanted a joint tenancy deed.

The Court: You took it with the understanding that you were to execute a reconveyance to William Schneider and his wife as joint tenants and not as tenants in common?

The Witness: Yes.

The Court: You were told that specifically?

The Witness: Yes. Mr. Schultz was their agent.

The Court: And it was upon that condition that you took the deed to yourself?

The Witness: Yes.

Mr. Feinberg: Now, who told you that?

The Witness: Well, Mr. Otto Schultz."

Miss O'Brien further testified that thereafter both Mr. and Mrs. Schneider remained in possession of the premises; that the incumbrances on the property were

paid by both Mr. and Mrs. Schneider, sometimes by one and sometimes by the other; that there was a first and second mortgage but she did not know whose money went to pay the first and second mortgages.

It is the contention of the complainants that Josephine O'Brien took the title in trust from Margaret M. Schneider; that Margaret M. Schneider was the equitable owner of the same at the time of her death, October 2, 1927.

Complainants suggest that it is the law that a person who takes title to property from a trustee without paying a valuable consideration will hold the same as trustee for the benefit of the equitable owner or owners. They cite Perry, Jarius Ware, "A Treatise on the Law of Trusts and Trustees," 6th Ed. sec. 217; *McVey v. McQuality,* 97 Ill. 93; *Stahl v. Stahl,* 214 Ill. 131; *Brooks v. Gretz,* 313 Ill. 290.

The law as stated in these authorities is not questioned, but it is easily distinguishable from this case in that the uncontradicted evidence tends to show that the trust reposed in Josephine O'Brien was not for the benefit solely of Margaret M. Schneider, but was for her benefit and that of her husband jointly. The obligation of Josephine O'Brien was to convey to them in joint tenancy and not as tenants in common. The rights of the heirs of Margaret M. Schneider therefore would seem to depend upon the nature of the conveyance, which was to be made to Margaret M. Schneider and her husband by Josephine O'Brien. The uncontradicted evidence shows the agreement was that this conveyance should be made in joint tenancy.

But as against this view complainants contend that the court erred in finding a trust from the testimony of Josephine O'Brien, which it is urged was mere hearsay, citing *Hately v. Kiser,* 253 Ill. 288, and *Luthy & Co. v. Paradis,* 299 Ill. 380, cases which state the gen-

eral rule with reference to receiving hearsay testimony.

The record discloses that no objection was made to this testimony at the time it was offered, and there is authority to the effect that in the absence of objection, hearsay is competent. *Hoover v. Empire Coal Co.*, 149 Ill. App. 258. However this may be, the burden of proof was upon the complainants, and in order to establish the trust as alleged they called Josephine O'Brien as their witness and questioned her as to the circumstances under which she received the deed conveying title to her. The whole transaction was therefore admissible, including the statement of Schultz, whose agency for the husband and wife was also established by uncontradicted evidence. The testimony of Josephine O'Brien was therefore not hearsay but original evidence. Indeed, her testimony presents the only reasonable explanation as to why Mrs. Schneider executed and delivered a deed conveying the title to her. The evidence of Josephine O'Brien establishes without contradiction that she took the title in trust; that she would convey the same to the husband and wife in joint tenancy. If this evidence was excluded it would then appear that complainants have wholly failed to establish either the fact of the trust or the terms thereof.

Complainants further contend, however, that if it is admitted that the purpose of the trust was to reconvey the real estate to Margaret and William Schneider in joint tenancy, it was impossible to have such joint tenancy created unless the conveyance was made as required by law during the life of Margaret and William Schneider, and they cite in this connection section 1, ch. 76, Cahill's Ill. Rev. St. on joint rights and obligations. That statute by its terms excludes conveyances made to executors and trustees. It is quite true that upon the death of Margaret M. Schneider it

would have been impossible to create an estate of joint tenancy in her and her husband, William Schneider, but equity in such cases finds a way in which the intention of the donor may be carried out by applying to the situation the equitable maxim that equity regards that as done which ought to be done. In other words, equity will not permit the failure of Josephine O'Brien to execute the trust in the lifetime of Margaret Schneider to defeat the intention and purpose of Margaret M. Schneider. As against this, complainants contend that the maxim will not be so applied as to consider an essential thing done where that thing is beyond the power of anyone to do. They cite Corpus Juris, vol. 21, sec. 191, and *Hodalski v. Hodalski,* 181 Ill. App. 158.

In this last-mentioned case, Hodalski, the holder of a benefit certificate in a fraternal insurance society, while in failing health, agreed to change the beneficiaries in his policy to certain creditors whom he desired to reimburse. The by-laws of the society provided in substance that such change could not be made unless a new certificate was issued during the lifetime of the member. The request for the new certificate did not reach the secretary of the society until after the death of the beneficiary. There is no restriction here analogous to that created by the by-laws of the society in that case, and the authority is not in point.

The defendant contents (and not without some reason) that there is a variance between the allegations of the bill and the proof in that the bill alleges that the transfer by Mrs. Schneider was made for the purpose of defrauding creditors, of which there is no proof, citing *Houlihan v. Morrissey,* 270 Ill. 66. If this allegation had been proved, however, it would have precluded granting to complainants the relief prayed for in the bill. *Brady v. Huber,* 197 Ill. 291.

It is unnecessary, however, to discuss these points.

On the uncontradicted evidence the prayer of the bill could not be granted.

The decree is therefore affirmed.

*Affirmed.*

McSurely, P. J., and O'Connor, J., concur.