sale of *any goods and chattels in bulk, otherwise than in the ordinary course of trade.*"

In *Page v. Wright*, 194 Ill. App. 149, a sale of a livery stock was held to be within the prohibitions of the Bulk Sales Act. The judgment of the Appellate Court in that case was reviewed by the Supreme Court on a petition for certiorari, which was denied.

It cannot be denied that the sale of the property in this case was in bulk, neither can it be claimed that the sale was in the ordinary course of trade, or that any attempt was made to comply with the provisions of the Bulk Sales law. The Circuit Court was clearly right in holding that the attempted transfer of the goods here involved from Moreau Athon to appellant was void, and that appellant acquired no rights thereby as against the creditors of Moreau Athon.

The contention that by levying the execution on real estate the right to levy on personal property was lost is answered adversely in *Everingham v. National City Bank of Ottawa*, 124 Ill. 527.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*

---

## John R. Myers, Appellee, v. Modern Woodmen of America, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Macon county; the Hon. WILLIAM K. WHITFIELD, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917.

### Statement of the Case.

Action by John R. Myers, plaintiff, against the Modern Woodmen of America, defendant, to recover on a

fraternal benefit certificate as the beneficiary named therein issued by the defendant to Henry M. Myers, deceased. From a judgment for plaintiff for $2,058, defendant appeals.

TRUMAN PLANTZ and GEORGE G. PERRIN, for appellant.

CHESTER A. SMITH, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. INSURANCE, § 825*—*what is right of holder of benefit certificate to change beneficiaries.* A member of a fraternal beneficial association has the undoubted right during his lifetime to change the beneficiaries named in his original certificate.

2. INSURANCE, § 827*—*when attempted change in beneficiary in benefit certificate becomes effective.* No attempted change in the beneficiary named in a benefit certificate issued by a fraternal beneficial association will be effective until a new certificate has been issued during the lifetime of the member in which a new beneficiary is named.

3. INSURANCE, § 823*—*when equitable rule as to change of beneficiaries inapplicable in action at law.* The equitable rule that when a member of a fraternal beneficial association has done all that he can do to change his beneficiary it will be regarded as done has no application in actions at law where the distinction between law and equitable jurisdiction is preserved.

4. INSURANCE, § 822*—*when beneficiaries have vested rights in benefit certificate.* The beneficiaries named in a certificate issued by a mutual beneficial association have no vested rights therein until the death of the member.

5. INSURANCE, § 822*—*when rights of beneficiary in benefit certificate attach.* The rights of the beneficiary named in a certificate of membership in a mutual beneficial association attach immediately upon the death of such member.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.