In re Estate of Peter A. Schriver, Deceased.
Helen D. Schriver, Appellee, v. Oak Park Trust and
Savings Bank, Executor of the Last Will and
Testament of Peter A. Schriver, Deceased, Appel-
lant.

Gen. No. 39,348.

Opin-
ion filed April 5, 1937.

MICHAEL M. NEWMAN and JOSEPH F. KULA, both of
Chicago, for appellant.

TEED, KAMMERMANN & JOHNSON, of Chicago, for appellee; HUGH E. JOHNSON and CLARENCE KAMMERMANN, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

Helen D. Schriver, widow of Peter A. Schriver, deceased, filed her claim against his estate in the probate court, which was disallowed; she appealed to the circuit court where the claim was allowed for $3,966.73, and defendant, the executor, appeals.

The claim arises out of litigation between Helen D. Schriver and her husband. September 20, 1927, she filed her suit for separate maintenance, charging that her husband deserted her January 10, 1927; he was ordered to pay her $125 a month for temporary support and maintenance; this order was complied with for a time but thereafter default was made, and on March 12, 1934, an order was entered finding that he was $3,596.84 in arrears and judgment was entered in her favor for this amount; by July, 1934, he was in arrears in the amount of $3,966.73, which is the amount of her claim filed in the probate court.

Twelve days before the separate maintenance bill was filed Schriver created an irrevocable trust in the principal sum of $65,000 with himself as sole beneficiary of the income, which provided that no part of this trust fund should ever go to his wife Helen.

In the spring of 1934 claimant learned that her husband had in his possession a policy of life insurance in the John Hancock Company in which she was named as beneficiary.

Both parties, through their respective attorneys, entered into negotiations for the settlement of their differences; it was agreed, substantially, that if Peter Schriver would turn over this policy to claimant she would accept it in full payment of all claims against

him for support or maintenance and alimony, past and future, and would file an amended and supplemental bill of complaint asking for a divorce. Schriver, in his answers filed in the separate maintenance suit and by his testimony in that case, represented that his only property and income was from his interest in the $65,000 trust estate and claimant says that she agreed to take the insurance policy in full settlement in the belief that Schriver's representations as to his property were true and that further attempts to collect support and maintenance from him would be useless.

In July the life insurance policy was turned over to Frank Teed, attorney for Mrs. Schriver, and on August 2nd she filed her amended and supplemental bill of complaint asking for a divorce; evidence was heard upon this supplemental bill by Judge Lewe of the superior court. A decree of divorce was prepared by Mr. Teed, which included the terms of settlement. Mr. Lowenthal, the attorney for Peter Schriver, testified that he wrote his O. K. on the original decree and returned it to Teed.

August 6th Peter Schriver died and the decree was never presented to the court or entered; the policy was never assigned by Peter Schriver, and after his death she collected from the John Hancock Company $3,000 on the policy.

When the inventory in the Peter Schriver estate was filed it was then learned, so claimant asserts, that the representations of poverty by Peter Schriver were untrue, and she filed her claim for the amount in arrears allowed to her for support and maintenance by the order of the superior court, which claim on appeal to the circuit court was there allowed.

As we have indicated, when Peter Schriver died on August 6, 1934, he owed to claimant on the separate maintenance order $3,966.73; she had in her possession, by her attorney, an insurance policy on Peter

Schriver's life for $3,000 in which she was the sole beneficiary; the parties had agreed to the terms of settlement and a decree of divorce, but before the settlement was consummated Peter Schriver died.

In *Bushnell v. Cooper*, 289 Ill. 260, it was held that the death of one of the parties to an action for divorce abates the action "for the reason that death has settled the question of separation beyond all controversy and deprived the court of jurisdiction, both over the persons of the parties to the action and of the subject matter of the action itself. For this reason the courts are almost unanimous in holding that the death of either party to a divorce proceeding, before final decree, abates the action." In *Dietz v. Speybroeck*, 225 Ill. App. 133, after a trial there was a verdict of the jury finding the husband guilty of repeated cruelty and habitual drunkenness; he filed a motion for a new trial which was taken under advisement by the court; subsequently the court made a memorandum in his docket of his holdings as to the disposition of the property of the parties; Emma Ghys, the wife, also filed a motion to set aside the finding of the court with reference to alimony and property rights; this motion was heard and taken under advisement; before the court passed upon the motion the wife died, no decree having been entered upon the verdict of the jury; it was held that although the trial judge made docket entries awarding certain real estate to the wife, no decree was formally entered and after her death the court was powerless to do so, citing *Bushnell v. Cooper, supra.*

Upon the death of Peter Schriver the proceedings in court abated and the respective parties stood, with respect to the divorce proceeding, as if no supplemental bill seeking a divorce had been filed.

There was no right reserved in the John Hancock insurance policy to change the beneficiary. The general agent of the John Hancock Insurance Company

testified that there had been no assignment of the policy. It follows, therefore, that the interest of Helen Schriver in the proceeds of the policy vested upon the death of Peter Schriver, the insured. *Freund v. Freund,* 218 Ill. 189, 205.

When the proceedings for divorce abated, Peter Schriver was in arrears under the order entered in the separate maintenance suit. It thereupon became a proper claim against his estate.

Claimant in this court makes the additional point that no valid decree of divorce could have been entered in the superior court divorce proceeding. The original bill for separate maintenance was filed September 20, 1927 and charged desertion January 10, 1927, which was a period of eight months' desertion when that bill was filed; the amended and supplemental bill seeking a divorce on the ground of desertion was filed August 2, 1934 and this charged desertion January 10, 1927, as did the bill for separate maintenance; the supplemental bill also charged that desertion had continued from this date down to the date of the filing of the supplemental bill; the supplemental bill was filed upon the theory that the time the separate maintenance suit was pending could be counted in the statutory period of one year of desertion. However, in *Floberg v. Floberg,* 358 Ill. 626, it was held that the time consumed by litigation, either for separate maintenance or for divorce, cannot be reckoned in the calculation of the statutory period of divorce. The opinion says the time consumed by the litigation is "time out." The point that no valid decree of divorce could have been entered upon the supplemental bill filed in this case seems to have merit.

The record in this case shows that Peter Schriver was continuously representing that he was without any income or property wherewith to comply with the orders for temporary support and maintenance. The

inventory of his estate filed in the probate court tends to contradict these representations. It is in evidence that one of the motives inducing the proposed settlement was the belief that Schriver was unable to make these payments. Under these circumstances there is force in claimant's contention that the proposed settlement was not based upon a full disclosure of material facts.

The claimant testified in the circuit court and it is claimed that she was incompetent. Examination of her testimony, however, shows that she added nothing to what was already in the record by the testimony of her attorney, Teed. Even where incompetent evidence is admitted the judgment will not be reversed if there is other competent evidence in the record sufficient to support the finding of the court. *Scholz v. Commissioners of Lincoln Park,* 264 Ill. App. 409; *Roxburgh v. Roxburgh,* 162 Ill. App. 364.

We hold that the trial court correctly found for the claimant and the judgment is affirmed.

*Affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.