Carol M. Spiro, Plaintiff, v. Earl M. Spiro, Defendant-Appellee, Edward R. Johnston, et al., Petitioners-Appellants.

Edward R. Johnston, et al., Plaintiffs-Appellants, v. Earl M. Spiro, Defendant-Appellee.

Gen. No. 53,837.

First District, First Division.

May 11, 1970.

Charles J. O'Laughlin and Joan M. Hall, of Chicago (Jenner & Block, of counsel), for appellants.

Myron Lieberman and Robert M. Newton, of Chicago (Lieberman, Levy & Baron, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

Petitioners (attorneys) represented defendant's wife in a separate maintenance action, and she died during the

pendency of the action. Seeking to recover attorneys' fees for their services rendered to her and reimbursement for expenses incurred on her behalf, petitioners filed a petition in the separate maintenance action. Also filed was an independent action at law against defendant, based on the theory that the legal services were "necessaries" of the wife and recoverable from the husband. The two actions were consolidated for hearing, and the trial court dismissed both.

On appeal the issues presented for review are: (1) whether a court in which a separate maintenance action was pending may, on a petition filed by a wife's attorneys prior to the entry of a final decree but subsequent to the wife's death, order a husband to pay additional attorneys' fees and expenses to the wife's attorneys; and (2) whether attorneys' fees and expenses may be recovered in an independent action at law from a husband, by a wife's attorneys, for legal services rendered to and expenses incurred on behalf of a wife in a separate maintenance action.

On March 14, 1966, Carol M. Spiro filed a complaint for separate maintenance in the Circuit Court of Cook County, Illinois. On July 29, 1966, the defendant husband, Earl M. Spiro, was ordered to "pay to Raymond, Mayer, Jenner & Block, attorneys for plaintiff, the sum of $5,000 as and for temporary attorneys' fees and suit money." On March 30, 1967, and prior to the entry of a final decree, Carol Spiro died. Petitioners filed a claim against her estate seeking to recover $12,000 for legal services. This claim was allowed, but due to the fact that Mrs. Spiro died insolvent, the claim was not paid.

On October 13, 1967, petitioners filed a petition in the separate maintenance action for an order requiring the defendant husband to pay them reasonable attorneys' fees for services performed and disbursements made on behalf of Mrs. Spiro in prosecuting the separate main-

tenance action as well as to discharge the wife's obligation to an investigating organization. The petition alleged that various members of the firm of Raymond, Mayer, Jenner & Block expended a total of 377 hours in performing legal services for the wife.

On December 12, 1967, petitioners filed a separate complaint at law against defendant, which described the legal services performed in connection with the separate maintenance action and alleged that said services constituted "necessaries" furnished to defendant's then wife. It was alleged that the reasonable value of the legal services performed for Carol M. Spiro was not less than $17,000, of which defendant has paid $5,000, leaving a balance of approximately $12,000.

On December 18, 1968, the trial court found in a "Memorandum Opinion": (1) that the action for separate maintenance abated when plaintiff, Carol M. Spiro, died, and the trial court was without jurisdiction to order additional attorneys' fees and expenses; and (2) that the complaint seeking a judgment for compensation for services rendered and expenses advanced for defendant's wife should be dismissed because they were not "necessaries" and the defendant was not obligated to pay them. On December 30, 1968, the court entered an order which dismissed both the petition and the complaint. This is the order from which petitioners appeal.

After examining the record and the authorities cited by both parties on the issues, we have concluded that the determinative issue is whether the original action for separate maintenance so abated on Carol Spiro's death that the trial court was without jurisdiction to order defendant to pay additional attorneys' fees and espenses for legal services rendered to her prior to her death.

On this issue petitioners contend that Mrs. Spiro brought the suit for separate maintenance in good faith and on probable cause after her husband had abandoned her, and that petitioners "rendered substantial legal

services on her behalf, and this court should find that the death of the wife did not deprive the trial court of power to award attorneys' fees."

Petitioners' authorities include Fox v. Coyne, 25 Ill App2d 352, 166 NE2d 474 (1960), where the husband was granted a divorce. There the Illinois Supreme Court had affirmed a portion of a divorce decree of the Circuit Court and reversed the portion of the decree denying alimony and attorneys' fees for the wife (9 Ill2d 509, 138 NE2d 547 (1956)). The case was remanded with directions to enter an award for alimony and to order the husband to pay reasonable fees to the wife's attorneys. Upon the remand, before the trial court entered an order on the matter of attorneys' fees, the wife died. The wife's attorneys then filed a petition for fees, and the trial court entered an order which directed the husband to pay the attorneys for his wife for services rendered in the trial of the cause. On appeal the Appellate Court stated (p 360), "The proceeding did not abate upon her death," and affirmed the order.

Petitioners' citations also include Gunther v. Gunther (Tex Civ App), 301 SW2d 207, 208–9 (1957):

"'In accordance with the rule that the death of either party abates proceedings as regards counsel fees, . . . upon the death of the husband it has been held that the court thereafter has no authority to award counsel fees, and that where the wife was plaintiff a refusal to make an allowance for fees of her counsel is proper. Under particular circumstances, however, it has been held that there may be an allowance for counsel fees after the death of the husband. *It has also been held that as regards counsel fees which have been earned at the time of the wife's death the amount of allowance may be ascertained and fixed after such death.*' 27 CJS, Divorce, § 221, p 917. . . . [T]he emphasized part of

257

this quotation from CJS has been followed by courts of various States; in other words, that death of the wife does not take from the divorce court its power to award attorney's fees which have been earned. . . ."

On this point defendant asserts, "The rule that the death of a party in a separate maintenance case before final decree automatically abates the action and deprives the court of jurisdiction over the parties and subject matter was clearly enunciated by the Illinois Supreme Court in Bushnell v. Cooper, 289 Ill 260 (1919)." In that case the Supreme Court affirmed a divorce decree which had been entered after the wife's death and which required the husband to pay the deceased wife's attorneys' fees. There the court stated (pp 264–65):

"The questions presented are, whether or not the court had jurisdiction to enter a decree in the original action after the death of one of the parties, and the method by which such a decree may be reviewed . . . .

"Marriage is a personal relation or status created under the sanction of law, and an action for divorce is a proceeding brought for the purpose of effecting a dissolution of that relation. The action is one of a personal nature. In the absence of a statute to the contrary the death of one of the parties to such action abates the action, for the reason that death has settled the question of separation beyond all controversy and deprived the court of jurisdiction, both over the persons of the parties to the action and of the subject matter of the action itself. For this reason the courts are almost unanimous in holding that the death of either party to a divorce proceeding, before final decree, abates the action. . . .

258

"While the present action is one for separate maintenance and differs from a divorce proceeding in that the latter is one for the dissolution of the marriage relation while the former is one in affirmance of it and to enforce the obligations of that relation, they are both, nevertheless, similar in their nature, as the marriage relation constitutes the foundation of the action in each case and the dissolution of that relation extinguishes the subject matter which forms the basis for such an action."

Defendant argues that "the rule of Bushnell v. Cooper, that the death of a party before final decree, in a divorce or separate maintenance action, abates the action, has been followed in every subsequent decision involving the effect of death of a party prior to final decree." Additional authorities cited by defendant on this point include Dietz v. Speybroeck, 225 Ill App 133 (1922) ; In re Estate of Schriver, 289 Ill App 581, 7 NE2d 611 (1937) ; and Merrick v. Merrick, 314 Ill App 623, 42 NE2d 341 (1942).

In Dietz v. Speybroeck, the court said (p 138) :

"Although the trial judge made docket entries awarding certain real estate to the cross complainant, no decree was formally entered and after her death the court was powerless to do so. . . . '. . . The action is one of a personal nature. In the absence of a statute to the contrary, the death of one of the parties to such action abates the action, for the reason that death has settled the question of separation beyond all controversy and deprived the court of jurisdiction, both over the persons of the parties to the action and of the subject-matter of the action itself. For this reason the courts are almost unanimous in holding that the death of either party to a divorce proceeding, before final decree, abates the action.' "

■■■■■■

In In re Estate of Schriver, the court held that a settlement agreement entered into during the pendency of a divorce proceeding, but not incorporated into the decree prior to the death of one of the parties, was not binding upon the survivor since death abated the action. There the court said (p 584) :

> "Upon the death of Peter Schriver the proceedings in court abated and the respective parties stood, with respect to the divorce proceeding, as if no supplemental bill seeking a divorce had been filed."

In Merrick v. Merrick, the court held that an action for annulment abates upon the death of a party thereto and based its ruling upon the doctrine announced in Bushnell v. Cooper. There it is said (p 628) :

> "We are of the opinion that the rule announced in the Bushnell case, that in the absence of a statute to the contrary, the death of one of the parties to a divorce case or a separate maintenance case abates the action, should be applied in a case like the one at bar, where it is sought to annul a marriage."

After considering this issue at length and examining the authorities cited, we are not persuaded that the death of Mrs. Spiro, prior to a final decree, abated the action to the extent that the trial court had no jurisdiction to order additional attorneys' fees and expenses incurred during her lifetime.

The action of the trial court in ordering defendant to pay the attorneys for plaintiff "the sum of $5,000 as and for temporary attorneys' fees and suit money" shows that the trial court regarded the instant proceeding as within the provisions of chapter 68, § 22, Ill Rev Stats. Nothing in the record shows that the court made any finding or pronouncement that further fees were not to be allowed at the final hearing of the case. The provisions of section 22, which we think should apply here, are:

260

"The court at any time after service of summons and proper notice to the wife or the husband may make such allowance of temporary alimony, attorney's fees, and suit money as may appear just and equitable, as in cases of divorce.

". . .

"The court may, however, in its discretion, reserve the question of the allowance of attorney's fees and suit money until the final hearing of the case, and may then make such order with reference thereto as may seem just and equitable, regardless of the disposition of the case."

Although section 22 makes no provision for the abatement of the proceedings at the death of either party, we agree with the authorities which hold that the basic action for separate maintenance abates when either of the parties dies. However, we believe that undisposed of matters incident to the basic action, such as "attorneys' fees and suit money," should not be abated. Section 22 empowers the trial court to reserve the question of the balance of the attorneys' fees and suit money "until the final hearing of the case, and may then make such orders with reference thereto as may seem just and equitable, regardless of the disposition of the case." From this we hold that "the question of the allowance of attorney's fees and suit money" to the wife's attorneys, for services rendered up to the death of the wife, did not abate at her death, and the trial court had jurisdiction after her death, in its discretion, to enter an allowance for such attorneys' fees and suit money, as may be just and equitable.

Therefore, in accordance with the foregoing reasons, that part of the order of the trial court which struck and dismissed the petition "for attorneys' fees and expenses," filed in the separate maintenance action, is hereby re-

versed. The matter is remanded to the trial court for further proceedings to determine and allow such additional attorneys' fees and suit money "as may seem just and equitable" under the circumstances and in accordance with the foregoing pronouncements, and to order defendant to pay the same direct to the parties entitled thereto.

Reversed in part and remanded with directions.

BURMAN, P. J. and ADESKO, J., concur.