HELEN B. HOWARD, Plaintiff-Appellee, *v.* THEODORE R. M. HOWARD *et al.*, Defendants-Appellants.

First District (5th Division)   Nos. 76-1196, 76-1400 cons.

Opinion filed May 27, 1977.

Layfer, Cohen, Handelsman & Mora, Ltd., of Chicago, for appellants.

Rosenberg & Kosin, of Chicago (Edward D. Rosenberg and Joel S. Ostrow, of counsel), for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

In appeal No. 76-1196, defendant John E. Wilson, executor of the estate of Theodore R. M. Howard, deceased, appeals from an interlocutory order of the circuit court which denied his motion to dismiss plaintiff's petition for "arrearages" in temporary alimony. The trial court found that this cause involves a question of law as to where there is a substantial ground for difference of opinion and that an immediate appeal would materially advance the ultimate termination of this litigation. Defendant's application for an interlocutory appeal by permission was granted pursuant to Supreme Court Rule 308. (Ill. Rev. Stat. 1975, ch. 110A, par. 308.) He contends the death of defendant husband abated the cause for divorce and the circuit court thereby lost jurisdiction to revise its previous order for temporary alimony.

On January 23, 1974, following a hearing at which deceased's counsel represented deceased's income to be $45,000 per year, the trial court ordered deceased to pay $2,000 per month to plaintiff and all household and related expenses to their creditors and to permit plaintiff to use the rentals she collected from their property as an award of temporary alimony.

On October 15, 1974, plaintiff filed a petition which alleged that at the

hearing on January 23, 1974, deceased, by his counsel, wilfully and fraudulently misrepresented his income to be $45,000, when, in fact, his actual earnings were $165,251.35. She prayed for a retroactive order for $7,000 per month temporary alimony. However, on January 29, 1976, the parties filed a reconciliation stipulation which suspended proceedings on the October 15, 1974, petition and preserved all pending rights and causes of action during the period of reconciliation.

On May 1, 1976, defendant Theodore R.M. Howard died testate. Thereafter, plaintiff petitioned the circuit court in this divorce proceeding to adjudicate the issue concerning an adjustment in temporary alimony contained in the October 15, 1974, petition. After being made a party in the divorce proceedings, defendant executor moved to dismiss plaintiff's petition on the grounds that deceased's death abated the divorce proceedings and deprived the trial court of jurisdiction. The trial court's order denying defendant's motion is the interlocutory order appealed from in appeal No. 76-1196.

In appeal No. 76-1400, defendant appeals from an order entered by the trial court subsequent to the interlocutory order involved in No. 76-1196, which found that deceased had fraudulently misrepresented his true income and awarded plaintiff $49,952 in temporary alimony arrearages measured by the difference between an award based upon his true income and the award based upon his fraudulently misrepresented income, less credits for the sums already paid between January 23, 1974, the date of the original award, and May 1, 1976, the date of death. The trial court's order stated that "this is a final and appealable order, pursuant to Supreme Court Rule 308." On appeal this cause was consolidated with appeal No. 76-1196.

OPINION

■■ Defendant executor contends the death of plaintiff's husband abated the divorce proceedings and deprived the circuit court of jurisdiction to enter an order revising its previous order for temporary alimony. It is well settled in Illinois, that in the absence of a statute to the contrary, the death of either party to a divorce proceeding before final decree abates the action. (*Bushnell v. Cooper* (1919), 289 Ill. 260, 124 N.E. 521.) The court in *Bushnell* reasoned that the death of a party in a divorce proceeding settled the question of separation beyond all controversy and deprived the trial court of jurisdiction. See *Tuttle v. Gunderson* (1930), 341 Ill. 36, 173 N.E. 175; *Merrick v. Merrick* (1942), 314 Ill. App. 623, 42 N.E.2d 341.

Plaintiff has cited no statute which provides for the survival of proceedings for temporary alimony after the death of a party in a divorce suit. Her reliance upon *Fox v. Coyne* (1960), 25 Ill. App. 2d 352, 166

N.E.2d 474, is unfounded. There, following an affirmance of the divorce decree by the supreme court and after alimony had been fixed in pending proceedings upon remand, the wife died. The court stated that had the wife died before the decree the proceedings would have abated, citing *Bushnell v. Cooper*, but held that because the divorce decree and the temporary support order were entered prior to her death, the proceedings for alimony between the time of the alimony judgment and the time of her death were properly brought by her estate's administrator. (See *Dinet v. Eigenmann* (1875), 80 Ill. 274.) Here, no judgment for divorce had been entered and no order adjudging a fraudulent misrepresentation existed when defendant husband died. In fact, plaintiff was not pursuing her claim for the difference in alimony at the time of her husband's death, but had been in a five month period of reconciliation. The reservation of rights in the reconciliation filed in the circuit court did not entitle plaintiff to an award *after* the death of her husband. See *Cross v. Cross* (1955), 5 Ill. 2d 456, 125 N.E.2d 488.

Similarly, inapplicable is this court's holding in *Spiro v. Spiro* (1970), 124 Ill. App. 2d 254, 260 N.E.2d 332, that a deceased wife's attorneys' petition for reimbursement for fees and for expenses incurred on her behalf filed against her husband did not abate with her suit for separate maintenance upon her death. There, the claim for readily ascertainable fees rendered to a party prior to her death had been specifically reserved for consideration at a later time by the trial court pursuant to the discretionary powers granted by section 1 of "An Act in relation to married men and women" (Ill. Rev. Stat. 1975, ch. 68, par. 22). Here, plaintiff's claim is for fraudulently withheld temporary alimony not attorney's fees. There is no similar statutory provision allowing for deferred consideration of the issue of temporary alimony until after a divorce judgment, and a deferral would be meaningless in light of the function of temporary alimony to fulfill the support obligation while the litigation is pending.

■■ Thus, we hold that any further issues concerning the matter of temporary alimony, a matter incidental to the main action for divorce, abated when the cause for divorce abated upon defendant husband's death.

■■ We note that in both *In re Estate of Bell* (1918), 210 Ill. App. 350, and *In re Estate of Schriver* (1937), 289 Ill. App. 581, 7 N.E.2d 611, this court held that although the death of a party abated all divorce proceedings, claims for arrearages in temporary alimony were allowable as claims against the deceased party's estate. Although those cases are instructive, we do not feel that they are of precedential force in this case because of the question that was framed by the trial court's interlocutory order in this cause, the nature and nonpending status of the petition

alleging fraud, and the fact that this is a cause for divorce with the defendant executor as a substituted party and not an appeal from an order denying a claim against deceased's estate.

In light of our holding on the abatement issue contained in appeal No. 76-1196, the order appealed from in No. 76-1400 which awarded plaintiff arrearages was erroneously entered and we reverse it.

For the reasons stated, the judgment of the circuit court in appeal No. 76-1196 which denied defendant executor's motion to dismiss plaintiff's petition is reversed. The judgment of the circuit court in the consolidated appeal No. 76-1400 is also reversed.

Reversed.

SULLIVAN, P. J., and MEJDA, J., concur.