**Bonnie J. BRIECE, Appellant,**

v.

**William E. BRIECE and Gladys G. Briece, Appellees.**

**No. 82–1104.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 22, 1983.

Decided March 29, 1983.

Rehearing and Rehearing En Banc Denied May 3, 1983.

Oren Harris, Senior District Judge, filed dissenting opinion.

Lawrence M. Berkowitz, W. Perry Brandt, Stinson, Mag & Fizzell, Kansas City, Mo., James T. Friedman, Dorene Marcus, Sara L. Johnson, Schiff Hardin & Waite, Chicago, Ill., for appellant Bonnie J. Briece.

Loeb H. Granoff, Rich, Granoff, Levy & Gee, Kansas City, Mo., for appellees.

Before BRIGHT and JOHN R. GIBSON, Circuit Judges, and HARRIS,* Senior District Judge.

JOHN R. GIBSON, Circuit Judge.

Ronald Briece's death led to this interpleader in which his widow and parents make conflicting claims for life insurance proceeds. Shortly before his death, Ronald had removed Bonnie, his wife, as beneficiary on the policy and substituted his parents, William and Gladys Briece. Bonnie had earlier filed for divorce. Four days before Ronald's death, Bonnie obtained a temporary restraining order directing that Ronald reinstate her as beneficiary. Ronald never knew of the order and did not comply with it. The district court [1] awarded the insurance proceeds to the parents on cross-motions for summary judgment. Bonnie appeals claiming that the temporary ·restraining order was for the purpose of maintaining the status quo and that the equitable doctrine that considers as done that which ought to be done requires that she be reinstated as beneficiary. We affirm the judgment of the district court in favor of the parents, William and Gladys Briece.[2]

Ronald Briece was insured under a group term life insurance policy issued to his employer by Connecticut General Life Insurance Company. Bonnie and Ronald had been married for about six and one-half years when Bonnie filed a petition for dissolution of their marriage in the Circuit Court of Cook County, Illinois on January 23, 1981. On April 20, 1981, Ronald removed Bonnie as beneficiary under the insurance policy and designated his parents as the new beneficiaries.

At a hearing in the divorce action on April 28, 1981, Bonnie learned of this change and also learned that Ronald was dying of lung cancer. Bonnie obtained from the circuit court an order directing Ronald to reinstate her as beneficiary. The court further ordered Ronald to maintain Bonnie as beneficiary until further order of the court, or until ten days from the date of the order.

Ronald died four days later without complying with the order. He was never personally aware of the order, although his attorney was present at the time it was entered.

Ronald's parents filed this action against Connecticut General to recover death benefits under the insurance policy. Upon motion of Connecticut General, the district court added Bonnie as party defendant and ordered interpleader.

The district court, in granting summary judgment in favor of Ronald's parents, held that under Illinois law the divorce action, and with it the interlocutory order of April 28, abated upon Ronald's death. The court further found that Ronald lawfully exer-

---

* Oren Harris, United States Senior District Judge for the Eastern and Western Districts of Arkansas, sitting by designation.

1. The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

2. On appeal, this panel reversed the judgment of the district court. *Briece v. Briece,* No. 82–1104 (8th Cir. Nov. 2, 1982). On February 22, 1983, we granted the parents' petition for rehearing and vacated the earlier panel decision. After reconsideration, we now affirm the district court judgment.

cised his right to change the beneficiary designation under his life insurance policy and that there were no equities in Bonnie's favor to invalidate the change.

We affirm primarily for the reasons expressed by the district court.

In Illinois, an action for divorce abates upon the death of one of the parties prior to entry of a final decree of divorce. *Bushnell v. Cooper*, 289 Ill. 260, 124 N.E. 521 (1919); *Howard v. Howard*, 49 Ill.App.3d 441, 7 Ill.Dec. 303, 364 N.E.2d 464 (1977). The Illinois Supreme Court has reasoned that "death settle[s] the question of separation beyond all controversy," and deprives the court of jurisdiction over the matter. *Bushnell v. Cooper*, 289 Ill. at 264, 124 N.E. at 522.

During the dissolution proceeding in *In re Estate of Chandler*, 90 Ill.App.3d 674, 46 Ill.Dec. 46, 413 N.E.2d 486 (1980), the husband withdrew funds from a savings account held jointly with his wife and deposited the funds in a new account held jointly with his brother. The husband also changed the beneficiary under a trust account by crossing out the name of his wife and substituting the name of his brother one day prior to being served with an injunction preventing the transfer or dissipation of marital assets. The husband died before final judgment was entered in the divorce proceeding. The trial court awarded the wife half of the funds in each account as "marital property." The appellate court held that it was error to award the funds as marital property because the divorce action abated upon the husband's death, but the court upheld the award of half the joint savings account on another ground.[3]

As in *Chandler*, the divorce action between Ronald and Bonnie abated upon Ronald's death. That *Chandler* involved an injunction preventing transfer of property, and this case involves a temporary restraining order ordering reinstatement of Bonnie

as beneficiary is not significant. Following *Chandler*, we conclude that the temporary restraining order abated along with the divorce action upon Ronald's death. *Cf. Dietz v. Van Speybroeck*, 225 Ill.App. 133 (1922) (a docket entry awarding the wife certain real estate in a divorce proceeding had no effect since the wife died before entry of a formal decree awarding her property).

Bonnie argues that the purpose of the temporary restraining order was to preserve the status quo. Under the circumstances of this case, however, with the death of Ronald only four days later, to so recognize the temporary restraining order would be to give it the effect of a final distribution of marital property. By its own terms it was to be in effect only until further order of the court or until ten days from the date of its entry. Had Ronald lived, disposition of all the marital property would have been determined in the divorce action. The court would have considered the marital residence and, conceivably, the respective rights to the property of Bonnie, who was Ronald's third wife and had been disabled in an automobile accident, and of the four children surviving Ronald by other marriages, who were grandchildren of appellees. The temporary restraining order should not be recognized as doing what the death of Ronald prevented the Illinois Circuit Court from doing in a final decree.

Bonnie argues that the equitable maxim "equity considers as done that which ought to be done" applies. We cannot conclude that the district court erred when it held that the maxim was inapplicable. When Ronald changed the beneficiary designation on his life insurance policy, he did so pursuant to the terms of the policy, and he was not violating any order of the court when he did so. Ronald never personally knew about the temporary restraining order which abated upon his death four days after it was entered.

---

**3.** The presumption that either party to a joint savings account can withdraw the funds without liability to the other party was rebutted by evidence that both spouses contributed to the account and intended to share the property equally during the marriage. 413 N.E.2d at 490.

Bonnie relies upon cases which are distinguishable because they involved not only knowledge of a restraining order but defiance of it. *See Candler v. Donaldson* 272 F.2d 374 (6th Cir.1959); *Webb v. Webb,* 375 Mich. 624, 134 N.W.2d 673 (1965). Other cases involved final divorce decrees and abatement was not an issue. *See Travelers Insurance Co. v. Daniels,* 667 F.2d 572 (7th Cir.1981); *Lincoln National Life Insurance Co. v. Watson,* 71 Ill.App.3d 900, 28 Ill.Dec. 339, 390 N.E.2d 506 (1979). Bonnie does not contend that she obtained a vested interest in the insurance policy by virtue of a prior oral contract or property settlement agreement. *See Thomson v. Thomson,* 156 F.2d 581 (8th Cir.), *cert. denied,* 329 U.S. 793, 67 S.Ct. 370, 91 L.Ed. 679 (1946) (oral contract gave wife vested interest in husband's insurance policy, abatement not in issue because parties made contract four years prior to filing of divorce action and because court granted divorce decree); *Glover v. Metropolitan Life Insurance Co.,* 664 F.2d 1101 (8th Cir.1981) (property settlement agreement gave wife vested interest in husband's insurance policy, abatement not in issue because court granted divorce decree). *Cf. In re Estate of Chandler,* 90 Ill.App.3d 674, 46 Ill.Dec. 46, 413 N.E.2d 486 (1980) (husband could not withdraw all funds from savings account held jointly with his wife because evidence showed that both spouses contributed to the account and intended to share the property equally during the marriage).

Bonnie claims the proceeds because of her status as prior beneficiary, but this does not confer upon her a vested property interest or right. When the insured reserves the right to change a beneficiary, as Ronald did, the beneficiary has a mere expectancy during the insured's lifetime. *O'Toole v. Central Laborers' Pension & Welfare Funds,* 12 Ill.App.3d 995, 299 N.E.2d 392 (1973).

The judgment of the district court is affirmed.

OREN HARRIS, Senior District Judge, dissenting.

I respectfully dissent and would reverse for the reasons set forth herein.

Under the Illinois Marriage and Dissolution of Marriage Act, a life insurance policy is marital property subject to disposition by the divorce court in a divorce proceeding. *In Re: Marriage of Smith,* 84 Ill.App.3d 446, 39 Ill.Dec. 905, 405 N.E.2d 884 (3d Dist.1980); *In Re: Marriage of Hunt,* 78 Ill.App.3d 653, 34 Ill.Dec. 55, 397 N.E.2d 511 (1979). Also, under Ill.Rev.Stat. ch. 40, § 501(a) (1979), it is within the rights of a party to a divorce proceeding to petition the court for a temporary injunction to restrain a person from transferring or disposing of marital property, or for other proper injunctive relief. Presumably, pursuant to this statutory authority, Bonnie sought a temporary restraining order against her husband, Ronald. Within the scope of its power under § 501(a), the circuit court properly granted temporary restraining order, requiring that the status quo of the marital property be maintained. As noted by the appellant's attorney, the temporary restraining order was never intended to distribute property or to determine the title to the insurance policy proceeds. Rather, it was the proper exercise of the Court's power to maintain the "status quo."

The appellant argues that the order for temporary relief should be no less enforceable than beneficiary designations embodied in final decrees of divorce. She cites several cases for the proposition that Illinois courts have not hesitated to invoke equitable powers to enforce beneficiary designations incorporated in final judgments for dissolution of marriage. In each of the cases cited the court invoked its equitable powers to enforce its orders when not obeyed. The appellant asserts these cases command the same result when a temporary order is entered without a final decision having been reached as to the divorce. The district court distinguished the present case from those cited by the appellant due to the lack of a final judgment of divorce.

It is my opinion that the decision of the district court is misplaced. Rather, the question should be resolved by the equitable maxim "equity considers as done that which ought to be done." As the appellant cor-

rectly states, the real issue is with the effectiveness of the order of the Illinois court. The district court held that the equitable principle had no application in the case because no final decree of divorce had been entered and no property settlement had been made. According to the district court, until this had been done, it could not apply equity to resolve the dispute. It is my opinion that once the Illinois Circuit Court ordered that Bonnie be reinstated as beneficiary of the life insurance policy, the equitable principle of "equity considers as done that which ought to be done" took over. Therefore, from the date of April 28, 1981, the appellant is assumed to be the beneficiary of the life insurance policy. This is true even though Ronald died before entry of a final decree of divorce.

In the case of *Travelers Insurance Company v. Daniels,* 667 F.2d 572 (7th Cir.1981), the Seventh Circuit applied Illinois law to a similar case and reached a similar result. The appellant, *Travelers,* brought a statutory interpleader action to determine the beneficiaries of a life insurance policy. Fred Daniels owned the policy. Ruth Daniels (second wife of the deceased) and Hattie Hunter were the named beneficiaries. Kaye Daniels (the first wife of the deceased) and Kendall Daniels (daughter of Fred and Kaye's marriage) claimed that Kendall was entitled to the proceeds. In the divorce decree of Fred and Kaye Daniels, Fred was ordered to maintain a life insurance policy on his life for Kendall as the irrevocable beneficiary during her minority. The district court in Illinois entered a summary judgment in favor of Ruth Daniels and Hattie Hunter. On appeal, the Seventh Circuit reversed and held that Kendall Daniels was entitled to the proceeds as the beneficiary of the policy.

In *Travelers,* the final decree of divorce directed Fred Daniels to "maintain in full force and effect, all existing life insurance policies which he *has* on his life, and designate Kendall Lynnice Daniels, minor child of the parties, as the irrevocable beneficiary during her minority." When Fred married Ruth Daniels, he attempted to change the beneficiary to Ruth Daniels and Hattie Hunter, who were still the designated beneficiaries when Fred died.

The Seventh Circuit, citing Illinois case law, held, as a general rule, that the named beneficiary of a life insurance policy obtains a vested interest to the proceeds upon the death of the insured. *Bank of Lyons v. Schultz,* 22 Ill.App.3d 410, 318 N.E.2d 52, 57. There is an exception, however, created by Illinois courts to the named beneficiary rule when someone else has acquired an equitable right to be treated as the beneficiary. The Seventh Circuit cited *Lincoln National Life Insurance Company v. Watson,* 71 Ill. App.3d 900, 28 Ill.Dec. 339, 390 N.E.2d 506 (1979), and others, for the proposition "that when a divorce decree orders a party to name his children as beneficiaries of a life insurance policy, those children are entitled to receive the proceeds even if they were not the named beneficiary at the time of that party's death." 667 F.2d at 573. In *Travelers* and *Lincoln,* it made no difference that the court-ordered beneficiary was never named by the insured as beneficiary. Both cases applied the equitable maxim "equity considers as done that which ought to be done." Application of this maxim led to the finding that beneficiaries designated by court decrees were held to be the proper beneficiaries by the courts.

It is true that the above cited cases dealt with final decrees of divorce, while in this case death intervened before a final decree could be entered. I find no decision by an Illinois court on this precise issue, and am of the opinion that the principle and rules enunciated in *Travelers* and *Lincoln* should apply in this case.

The Illinois Circuit Court for Cook County entered an order for the purpose of preserving the marital property and protecting the rights of the spouse during the pending divorce proceeding. The trial courts in *Travelers* and *Lincoln* entered similar orders to protect minor children and their interests. In all cases, the divorce courts exercised their proper authority to protect interested parties to a divorce proceeding and preserve the marital property. I do not

find the absence of a final decree to be important; a valid court order was entered and it is entitled to enforcement. During the pendency of the divorce proceeding, and before Ronald Briece's death, the court entered an order designed to preserve the marital property for the protection of Bonnie Briece. This was proper.

Although Illinois law is applicable and Ill.Rev.Stat., Ch. 40 (1979), provides for protection of spouses and their children, other jurisdictions have established such procedures for the protection of spouses and minor children.

In *Candler v. Donaldson*, 272 F.2d 374, 377, the Sixth Circuit, construing Michigan law on same circumstances and conditions as in the instant case, reversed the district court and held: "We are of the opinion that the *order* restraining the insured from 'otherwise disposing of the property *hereinabove mentioned*' (emphasis added) prohibited the insured from changing the beneficiary from his wife until such final order was made." "Equity considers that as done which ought to be done." *Thomson v. Thomson*, 8 Cir., 156 F.2d 581, 586, certiorari denied 329 U.S. 793, 67 S.Ct. 370, 91 L.Ed. 679, rehearing denied 329 U.S. 833, 67 S.Ct. 501, 91 L.Ed. 706.

In *Thomson*, supra, the Eighth Circuit applied the same equitable rule in the case identical to the facts in the instant case. There the insured obtained an insurance policy from John Hancock Mutual Life Insurance Company and named Caroline Thomson, the then wife of the insured, as beneficiary. The policy contained a provision that the right to change beneficiary was reserved to the insured. However, she had acquired a vested interest in the proceeds. Subsequently, there was a separation and a divorce proceeding. Thomson proposed to change the beneficiary to his estate. The divorce proceeding was brought in Waukeegan, Illinois. There was a contract and settlement entered into in connection with the proceeding.

Before final decree in the case, Thomson died. In the meantime he had proposed to change the beneficiary to the estate in or-

der to obtain a loan from a bank. An interpleader was filed similar to the interpleader in this case. The district court held that the insured had a right to change the beneficiary. The Eighth Circuit reversed the district court and applied the rule that "equity will consider as done that which should have been done." *Crowell v. Northwestern Nat. Life Insurance Co.*, 140 Iowa 258, 118 N.W. 412; *Jordan v. Roden*, 6 Cir., 292 F. 573.